UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**CENTRAL LABORERS PENSION FUND, et al.,**

    **Plaintiff(s),**

vs.

**TAXMAN RETAINING WALLS, INC.,**

    **Defendant(s).**                                                          No. 04-cv-417-DRH

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

### I. INTRODUCTION

Now before the Court is plaintiff Central Laborers' Pension Welfare and Annuity Funds' Motion to Set Aside the Dismissal Order Out of Time ("motion"). (Doc. 15.) The Court had previously entered an Order of Dismissal on June 23, 2005, in the instant matter upon notice that the parties had reached settlement. (Doc. 14.) The dismissal order gave the parties the right, upon good cause shown within sixty (60) days, to reopen the action if settlement was not consummated. (*Id.*) Plaintiff filed the instant motion on August 23, 2005 – one day *after* the 60-day window in which to move to reopen the case pursuant to the Court's Order of Dismissal.

As Plaintiff has filed this motion outside of the 60-day window, the Court must first decide whether the circumstances warrant setting aside the dismissal to

reopen the case. If permissible, the Court must then determine whether it has proper jurisdiction to enforce the terms of the settlement agreement entered into between Plaintiff and Defendant in this matter.

## II. DISCUSSION

### A. Determining Whether to Grant an Untimely Motion

Although Plaintiff's motion was not made pursuant to any statutory authority or local rule, the Court believes the proper approach here is to examine Plaintiff's motion using the standards set forth under **FEDERAL RULE OF CIVIL PROCEDURE 60**. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994) (noting that some of the Circuits had authorized a party to reopen a dismissed suit "by reason of the breach of the [settlement] agreement that was the basis for dismissal" under FED. R. CIV. P. 60(b)(6)); *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997) (acknowledging *Kokkonen* and the use of Fed. R. Civ. P. 60(b)(6)); *U.S. v. Mt. Vernon Memorial Estates, Inc.*, 734 F.2d 1230, 1235 (7th Cir. 1984) ("Although a district court has the authority under Rule 60(b)(6) to vacate a voluntary dismissal and reopen the case, most notably when the settlement agreement that led to the voluntary dismissal is repudiated, this did not occur in the present case.").

**Rule 60(b)(6)** allows a court, upon motion, to issue an order granting a party relief from an order of dismissal, if the moving party demonstrates good

cause for any "reason justifying relief from the operation of the judgment [or order]" if made within a reasonable time. **FED. R. CIV. P. 60**. Considering Plaintiff's motion was only untimely by one day, and Plaintiff has further shown good cause for granting the motion – namely, that Defendant has not fully complied with the terms of the settlement agreement – the Court finds it is proper to vacate the Order of Dismissal and reopen this case.

> **B. Determining Whether Jurisdiction Exists to Enforce a Settlement Agreement**

Plaintiff also prays in its motion for the Court to retain jurisdiction of this matter to enforce the settlement agreement. (Doc. 15, p. 2.) Because it is essentially the "supervisor of the litigation," a district court "may summarily enforce a settlement agreement." ***Hakim v. Payco-General American Credits, Inc.*, 272 F.23d 932, 936 (7th Cir. 2001);** *see also* **Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996)**. The decision to enforce a settlement agreement is entirely within the district court's discretion. ***Collins v. Educational Therapy Ctr.*, 184 F.3d 617, 620 (7th Cir. 1999)**. However, in order to have proper authority to enforce a settlement agreement, a district court must have "retain[ed] jurisdiction over the implementation and enforcement of the agreement in its final judgment order." ***VMS Securities Litig. v. Prudential Sec. Inc.*, 103 F.3d 1317, 1321 (7th Cir. 1996)**.

Retaining jurisdiction over the enforcement of a settlement agreement does not require a district court to use a certain "magic form of words," but instead only requires an inference that the court intended to retain jurisdiction. ***Id.* at 1321-**

**22 (citing *McCall-Bey v. Franzen*, 777 F.2d 1178, 1187-88 (7th Cir. 1985) and further explaining that a district court judge may properly dismiss a suit "'conditionally, retaining jurisdiction to effectuate terms of the settlement agreed to by the parties.' *Id.*").** The language of the Order of Dismissal reads: "It is Ordered that this action is hereby dismissed without costs and with the right, upon good cause shown within sixty (60) days, to reopen the action if settlement is not consummated." The Court determines that this language gives rise to the inference that it intended to retain jurisdiction to enforce the terms of a settlement agreement that gave rise to the dismissal of the case.

Additionally, the Court has retained jurisdiction as the matter was not dismissed with prejudice. As the Order of Dismissal in this matter was issued pursuant to the parties' voluntary request upon reaching settlement, it was thereby made pursuant to **Fed. R. Civ. P. 41(a)(2)**. Orders of dismissal made pursuant to **Rule 41(a)(2)**, unless stated otherwise within the order, are considered dismissals *without prejudice*. As such, a district court may retain jurisdiction over the matter (as opposed to an order of dismissal with prejudice) in order to enforce a settlement agreement. ***Lynch, Inc. v. Samatamason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) ("A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice) is enforced just like any other contract." citing to *Kokkonen*, 511 U.S. at 380-81).**

The Order of Dismissal issued in this matter properly retained jurisdiction over the settlement agreement because it reasonably inferred that the Court had authority to enforce its terms and because the dismissal was without prejudice. However, the Court feels that there are certain evidentiary issues which should be resolved by the parties before it will determine whether to enforce the settlement. Therefore, a hearing is necessary.

### III.  CONCLUSION

Plaintiff's Motion to Set Aside the Dismissal Order Out of Time is hereby **GRANTED**. The instant case is thereby reopened so that the Court may conduct any and all proceedings necessary to enforce the terms of the settlement agreement entered into between the parties. Further, the Court will conduct an evidentiary hearing on Plaintiff's Motion. From the copy of the Settlement Agreement attached to Plaintiff's Motion, it is unclear as to the date of execution of the Agreement, or whether the Agreement was validly signed by both parties. Also, Plaintiff has indicated additional amounts may be due, as it was in the process of conducting an audit of Defendant's books. Therefore, the Court hereby schedules a **HEARING** for **Thursday, October 13, 2005, at 9:30 a.m.**

**IT IS SO ORDERED.**

Signed this 21st day of September, 2005.

/s/         David RHerndon
**United States District Judge**