IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CENTRAL LABORERS' PENSION,
WELFARE AND ANNUITY FUNDS**,

    **Plaintiffs,**

v

**TAXMAN RETAINING WALLS, INC.**,

    **Defendant.**                                                    **Case No. 04-cv-417-DRH**

## ORDER

**HERNDON, District Judge:**

        This matter comes before the Court on Plaintiff's Motion to Enforce the Settlement Agreement (Doc. 24) against Defendant. Previously, a dismissal Order had been issued in this case (Doc. 14), upon the Court being advised by the parties that the matter had been settled. The dismissal Order allowed either party the right to reopen the case within sixty days if settlement was not consummated (*Id.*). Plaintiffs filed a Motion to Set Aside Order Dismissing Case *Out of Time* (Doc. 15), requesting the Court reopen the matter in order to enforce the settlement. The Court noted that because Plaintiff's untimely Motion (Doc. 15) was filed only *one day* outside of the sixty-day window to reopen the case and because the Court had jurisdiction to enforce the settlement agreement for good cause shown, the Motion was granted (Doc. 17). In so doing, the Court decided that an evidentiary hearing was necessary to determine issues such as whether there were any additional unpaid

benefits due under the Settlement Agreement (*Id*., p. 5).

Since the Court's Order setting an evidentiary hearing, Plaintiff has twice sought a continuance(Docs. 19 & 22) in order to allow further time to audit Defendant's payroll records to determine whether any delinquent contributions are owed pursuant to the parties' Settlement Agreement (*see* Doc. 19, p. 2). In its second Motion to Continue (Doc. 22), Plaintiff stated that the parties consented to the continuance as Defendant agreed to provide Plaintiff with the responsive documents germane to the ongoing audit, thereby rendering the evidentiary hearing "moot" (*Id*.). Plaintiff thereby moved the Court to cancel the hearing, "to be reset upon application of the parties at a later date" (*Id*.).

The Court granted the second continuance, continuing the hearing indefinitely and ordering the parties to contact the court no later than February 28, 2006 to determine a time to reset the hearing or to inform the Court of the updated status (Doc. 23). Instead, Plaintiff filed the instant Motion to Enforce (Doc. 24), asking that the Court order Defendant "to turn over its payroll records, payroll sheets, time cards, remittance forms and 1099s from 2001, 2002, 2003, 2004 and 2005 immediately . . ." (*Id*., p. 2). According to Plaintiff, "[D]efendant has failed to fully cooperate in that there are additional documents still needed to complete the audit . . ." but "there has been no response from the [D]efendant . . ." (*Id*.). Defendant has not opposed Plaintiff's Motion to Enforce.

The matter is hereby referred to the Magistrate Judge to hold an evidentiary hearing and thereafter issue a Report and Recommendation regarding

Plaintiff's Motion to Enforce Settlement Agreement (Doc. 24).  Plaintiff may issue a subpoena dues tecum for said hearing to compel Defendant to produce any documents it believes are critical for its burden of persuasion.

**IT IS SO ORDERED.**

This 31st day of August, 2006.

/s/      David   RHerndon
United States District Judge