IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CENTRAL LABORERS' PENSION,** ) | |
| **WELFARE AND ANNUITY FUNDS,** ) | |
|   ) | |
| Plaintiffs, ) | |
|   ) | |
| v.   ) | Civil No. **04-417-DRH** |
|   ) | |
| **TAXMAN RETAINING WALLS, INC.,** ) | |
|   ) | |
| Defendant.   ) | |

**REPORT and RECOMMENDATION**

This Report and Recommendation is respectfully submitted to United States District Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is plaintiffs' Motion to Enforce Settlement Agreement. **(Doc. 24)**. Defendant has not filed a response to the motion. The motion was referred to the undersigned for an evidentiary hearing and report and recommendation. **See, Doc. 26.**

The plaintiff Funds filed suit under 29 U.S.C. §§1132, 1145 (ERISA) against defendant Taxman Retaining Walls, Inc., seeking recovery of amounts due to the Funds under the Collective Bargaining Agreement. These funds represent fringe benefit payments which the employer, Taxman, is obligated by the Union contract to pay into the Funds. Taxman is also obligated to make his payroll books and records available for audit to enable the Funds to determine the amount owed.

The amended complaint **(Doc. 3)** seeks recovery of known delinquent contributions in the amount of two thousand two hundred five dollars and eight cents ($2,205.08), plus an audit to determine any additional delinquent contributions due and owing, On June 22, 2005, the parties notified the court that a settlement agreement had been reached. A so-called 60-day order was

1

entered.  **See, Doc. 14.**  Plaintiff then filed a motion to set aside the dismissal because the settlement agreement had not been consummated.  That motion was granted, and Judge Herndon determined that the court has jurisdiction to enforce the settlement agreement.  Judge Herndon then set the case for an evidentiary hearing because "is unclear as to the date of execution of the Agreement, or whether the Agreement was validly signed by both parties. Also, Plaintiff has indicated additional amounts may be due, as it was in the process of conducting an audit of Defendant's books."  **See, Doc. 17**.

      The hearing set by Judge Herndon was continued twice.  In the first motion for continuance, plaintiff stated that, since the filing of the motion to set aside the dismissal, defendant had paid the known amount due, plus penalties, fees, and costs, and had turned over available payroll records to be audited.  **Doc. 19.**  The  motion to continue was granted and the hearing was reset.  The parties then filed a joint motion to continue because defendant had agreed to provide the documents necessary to complete the audit.  That motion was signed by counsel for both parties.  **See, Doc. 22**.  Notwithstanding this agreement, defendant has failed to provide the necessary documents, leading to the filing of the instant motion.

      This court set the motion to enforce for hearing.  Defendant failed to appear.  A show cause hearing was set, and defendant again failed to appear.  The court then issued a writ of body attachment to defendant's attorney, who had received notice of the hearing.  Defendant's counsel then voluntarily appeared before the court, and the show cause order was satisfied.  **See, Docs. 27-35.**  At no point did defendant or its attorney dispute the existence of the settlement agreement.     As is noted above, after the dismissal was set aside, defendant partially performed the settlement agreement by paying the known amount owed, plus penalties, fees, and costs in the total amount of $3,074.07, and by turning over some of its records to be audited.

Plaintiff now seeks to enforce the part of the settlement agreement that obligates defendant to turn over additional records needed to complete the audit, and to pay the amounts determined to be owed. The motion should be granted because defendant has confessed the merits of same.

Defendant has never filed anything with this court to dispute the existence or validity of the settlement agreement. Defendant has not responded to the motion to enforce, and the time for doing so has long expired. This court deems the failure to respond to the motion to be an admission fo the merits, pursuant to SDIL-LR 7.1. In addition, defendant has partially performed the settlement agreement by paying the amount determined to be owed and by producing some of its records. Thus, by its course of conduct, defendant has recognized that the parties reached a settlement agreement. Defendant explicitly recognized the settlement agreement in the joint motion to continue, signed by defendant's counsel, which affirmatively stated, "Defendant has agreed to provide Plaintiff's counsel with documents responsive to Plaintiff's request in connection with an ongoing audit by Plaintiff of Defendant's business." **Doc. 22, paragraph 2**.

For the foregoing reasons, this court recommends that plaintiffs' Motion to Enforce Settlement Agreement **(Doc. 24)** be **GRANTED**. Defendant should be ordered to perform the agreement by producing the necessary records by a date certain, and, should it fail to perform, appropriate sanctions should be entered against it.

Objections to this report and recommendation must be filed on or before March 13, 2006.

**Submitted: February 22, 2007.**

        s/ Clifford J. Proud
        **CLIFFORD J. PROUD**
        **UNITED STATES MAGISTRATE JUDGE**